# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| CITY OF GRANDVIEW, MISSOURI, ) | |
| a Missouri Municipal Corporation, ) | |
|           Plaintiff, ) | |
| v. ) | No. 03-0980-CV-W-DW |
| ) | |
| JOHN P. RYAN, JR.; LINDA C. RYAN; ) | |
| GARY BARNES, Trustee in Bankruptcy; ) | |
| HILLCREST BANK; FEDERAL SIGN, INC.; ) | |
| FEDERAL SIGNAL CORPORATION; ) | |
| INTERNAL REVENUE SERVICE; ) | |
| MISSOURI DEPARTMENT OF REVENUE; ) | |
| JACKSON COUNTY, MISSOURI, COLLECTION ) | |
| DEPARTMENT; and KANSAS CITY SOUTHERN ) | |
| RAILWAY; MARK RENAU d/b/a Renau Construction; ) | |
| and VANTAGE LAND CO., LLC, ) | |
|           Defendants. ) | |

## ORDER

Before the Court is Defendant United States of America's motion for summary judgment. (Doc. No. 116.) For the following reasons, the motion is granted.

Plaintiff City of Grandview initiated this suit to condemn a tract of land located in Grandview, Missouri.[1] Following condemnation, the City deposited $323,539.60 into the Registry of the Court as payment for the tract. Various parties holding an interest in the tract have since been paid from the tract fund to the tune of $104,258.39. See Doc. Nos. 93 & 121. Now, only two parties – the defendants United States (Internal Revenue Service) and John and Linda Ryan – lay claim to the remaining monies in the tract fund.

In the pending motion, the Government contends that it is entitled to half of the fund by way

---

[1] Originally the suit involved two tracts of land – Tract 1 and Tract 2. However, all issues regarding Tract 2 have been resolved. See Doc. No. 89. The pending motion involves only Tract 1 and the claims of those who still hold an interest in the Tract.

of a tax lien on the property. According to undisputed facts, John Ryan, an owner of the tract, failed to fully pay his federal income taxes for the years 1988, 1989, 1991, 1993, 1994 and 1999-2002. The total amount in taxes and interest that Mr. Ryan owes the Government is approximately $561,133.53. Though Mr. Ryan's federal tax liabilities exceed the remaining amount of tract funds, the Government does not seek all of the fund monies, because the tract is owned by John and Linda Ryan, John's spouse, as tenants by the entirety. As such, only 50 percent of the tract's worth can be used to payoff Mr. Ryan's taxes. The remainder, the Government believes, should go to Mrs. Ryan.

Mrs. Ryan opposes the Government's motion on a single point. She claims that she holds a 66.5224 percent interest in the tract of land and is therefore entitled to more than 50 percent of the tract funds. Mrs. Ryan states that if this case proceeded to trial she would call an actuarial expert who would support her claim. Based on this, she asks that the Court deny the motion for summary judgment.

Whether a tenant by entirety, such as Mrs. Ryan, holds greater than 50 percent interest in the property is a legal question, and one that was answered recently by this district's bankruptcy court. In In re Gallivan, the court reasoned that "[i]f a husband and wife have unity of interest, unity of entirety, unity of time, and unity of possession, then each spouse must hold an equal interest." 312 B.R. 662, 666 (Bankr. W.D. Mo. 2004) (citing Murawski v. Murawski, 209 S.W.2d 262, 264 (Mo. 1948)). The court rejected the notion that spousal interest in a tenancy by entirety should be determined on an actuarial basis, holding instead that, under federal and Missouri law, each spouse has an equal 50 percent interest in the tenancy by entirety. Id. See also Popky v. United States, 326 F. Supp. 2d 594, 603 (E.D. Pa. 2004) (concluding that shares in tenancy by entirety should be divided on a fifty-fifty basis, because, in part, actuarially determined valuations are too speculative);

2

I.R.S. Notice 2003-60, 2003-2 C.B. 643 ("As a general rule, the value of the taxpayer's interest in entireties property will be deemed to be one-half.")

The tract in question is undisputably owned by Mr. and Mrs. Ryan as tenants by the entirety. It is also undisputed that Mr. Ryan owes the federal government over half million dollars in taxes. In view of these facts, and the prevailing law on tenancy by entirety, the Court holds that the remaining monies in the tract fund should be disbursed equally to the United States of America and Linda Ryan. The Clerk of the Court is directed to make the funds available to the parties. It shall be the responsibility of the named parties to obtain the monies from the Clerk of the Court.

With disbursement of the remaining tract funds, no issues will remain before the Court. Therefore, after the above named parties have been paid, this case will be closed.

IT IS SO ORDERED.

                                              /s/ DEAN WHIPPLE
                                                 Dean Whipple
                                      United States District Court

Date: July 8, 2005